# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**REGINALD DAVIS (#609626)**                        **CIVIL ACTION NO.**

**VERSUS**                                                          **25-520-JWD-SDJ**

**AFI PATTERSON, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 16, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

REGINALD DAVIS (#609626)                                    CIVIL ACTION NO.

VERSUS                                                                  25-520-JWD-SDJ

AFI PATTERSON, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Reginald Davis, who is representing himself and who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Because the claims in the Complaint are duplicative, it is recommended that this case be dismissed with prejudice as malicious and duplicative pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### I.      Background

Plaintiff instituted this action on or about June 16, 2025, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated as a result of his conviction by a non-unanimous jury.[1] Plaintiff seeks monetary and injunctive relief.[2]

### II.     Law & Analysis

#### a.  Standard of Review

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[3]

---

[1] R. Doc. 1.

[2] R. Doc. 1, p. 6.

[3] 28 U.S.C. §1915(e) authorizes dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was allowed to file suit as a pauper, *i.e.,* without prepaying the filing fee ("IFP"). 28 U.S.C. §1915A authorizes dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same

Repetitious litigation of virtually identical causes of action is subject to dismissal as malicious.[4]  It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[5]  Plaintiff has sued government officials, so his claims are subject to the screening process.

### b.  Plaintiff's Claims are Duplicative and Malicious

Plaintiff complains that his conviction by a non-unanimous jury in 2013 violated his constitutional rights.[6] Plaintiff also appears to complain that his trial counsel in his criminal trial was ineffective.[7] Plaintiff has previously brought claims surrounding this conviction by a non-unanimous jury, and those claims were dismissed as frivolous and for failure to state a claim.[8] Because the claims herein arise out of the same facts such that they could have been brought in the earlier case, they are duplicative and malicious.[9]  Therefore, Plaintiff's claims should be dismissed as frivolous and malicious.

---

reasons regardless of the pauper status of the plaintiff.  Plaintiff was granted IFP status on July 16, 2025, so both statutes apply.  R. Doc. 3.

[4] *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (*per curiam*). *See also Milton v. Gusman*, No. 10-3309, 2010 WL 5376459 (E.D. La. Oct. 6, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").

[5] *See Roberson v. Breen*, 444 Fed.Appx. 841, 842 (5th Cir. 2011).

[6] R. Doc. 1, p. 4.

[7] R. Doc. 1, p. 4.

[8] *See Reginald Davis v. 19th Judicial District Court, et al.*, No. 24-321 (M.D. La.).

[9] *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation); *Wesley v. LeBlanc*, 815 Fed.Appx. 817, 818 (5th Cir. 2020) (affirming dismissal as duplicative and malicious where the plaintiff alleged that a new defendant, who he did not name in prior lawsuits, was the only person who could adequately afford him the relief he sought).

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** on the Court's own motion under 28 U.S.C. §§ 1915(e) and 1915A as duplicative, malicious, and legally frivolous.[10]

Signed in Baton Rouge, Louisiana, on March 16, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings _in forma pauperis_] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.